**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| MICHAEL BEST | : |
|     Petitioner | : |
| v | :  Civil Action No. AW-05-1459 |
| STEPHEN DEWALT, Warden | : |
|     Respondent | : |

o0o

**MEMORANDUM**

In the above-captioned Petition for Writ of Habeas Corpus, filed May 25, 2005, Michael Best alleges that his federal parole revocation hearing was unreasonably delayed and seeks an Order from this Court requiring his release from custody. Paper No. 1. Respondent has filed an Answer and Petitioner has filed a Reply thereto. Papers No. 7 and 8. After review of these papers, the Court finds no need for an evidentiary hearing. *See* Local Rule 105.6 (D. Md. 2004).

Petitioner was paroled from a District of Columbia sentence of 8 years, 11 months and 27 days[1] on December 22, 1989. Paper No. 7 at Ex. A. At the time of his parole, Petitioner's sentence had an expiration date of April 2, 1993, and he had 1,579 days left to serve on his term of confinement. *Id.* at Ex. A and C.

On January 16, 1992, while on parole supervision, Petitioner was arrested on charges of bank robbery and felon-in-possession.[2] On June 18, 1992, Petitioner's parole officer reported to the District of Columbia Board of Parole that he had violated the conditions of his parole release by committing new offenses in the Eastern District of Virginia. Based on that report, the Parole

---

[1] Petitioner's sentence included: 20 months to 5 years incarceration for a Bail Reform Act violation; 14 to 42 month for distribution of PCP; and 180 days for possession of heroin. Paper No. 7 at Ex. B. All sentences were imposed by the Superior Court for the District of Columbia. *Id.*

[2]. He ultimately received a federal sentence of 180 months.

Board issued a parole violation warrant on July 6, 1992.  Paper No. 7 at Ex. D.  The warrant was filed as a detainer because Petitioner was already in custody for the new federal criminal charges.[3]  *Id*.

Petitioner completed his 180 month federal sentence on April 18, 2005.  *Id*. at Ex. G.  On that date the warrant for parole violation, which was still lodged as a detainer, was executed.  *Id*. at Ex. D, p. 3 and Ex. G, p. 1.  Petitioner's parole revocation hearing was postponed, but was then rescheduled to take place at FCI-Cumberland during the week of September 26, 2005.  *Id*. at Ex. I.

Petitioner asserts that he was prejudiced by the denial of a preliminary hearing to determine if probable cause existed that he violated the conditions of his parole. Paper No. 8.  He further claims that he was denied the opportunity to serve his new sentence and his parole violation term as concurrent terms because of the failure to provide him with a preliminary hearing.  *Id*.  Respondent admits that Petitioner's revocation hearing was not scheduled within 90 days of the April 18, 2005, retake date as required by its regulations.  Respondent asserts, however, that the delay did not prejudice Petitioner and he is therefore not entitled to release from custody.

The Supreme Court has recognized a liberty interest  in the context of parole revocation.  *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).  The revocation hearing must take place within a reasonable period of time after the parolee has been taken into custody.  *Id*. at 485.  The due process rights delineated in *Morrissey*, including: written notice of claimed violations of

---

[3] The Parole Board was abolished on August 5, 2000, and the United States Parole Commission (USPC) assumed parole revocation functions pursuant to D.C. Code § 24-131.  Petitioner's outstanding warrant was forwarded to the USPC prior to the abolition of the Parole Board.  Paper No. 7 at Ex. F.

parole; disclosure of evidence; an opportunity to be heard in person and to present witnesses and documentary evidence; the right to confront and cross-examine adverse witnesses; the right to have a neutral and detached hearing body consider revocation; and written statement by fact-finders as to evidence relied on and the reasons for revoking parole, apply to parolees who have been taken into custody solely to consider possible revocation of parole. *Id*. at 488 ("execution of the warrant and custody under that warrant as the operative event triggering any loss of liberty attendant upon parole revocation"). Petitioner's suggestion that he was entitled to a preliminary hearing to determine if there was probable cause to violate his parole has no basis in law where, as here, Petitioner had already been convicted of a new offense. *See Moody v. Daggett*, 429 U.S. 78, 89 (1976) (prisoner is not entitled to parole revocation hearing until the warrant has been executed). Thus, the only delay at issue in this case occurred between the time the parole warrant was executed and the parole revocation hearing.

The warrant in this case was executed on April 18, 2005, and a revocation hearing did not take place within 90 days of that date as required by 28 C.F.R. § 2.102(d). The inquiry, however, does not end there. To be entitled to relief, Petitioner must establish that the delay was both unreasonable and prejudicial. *See Gaddy v. Michael*, 519 F. 2d 669, 673 (4th Cir. 1975). Prejudice is established only where the delay deprives the parolee a fair opportunity to defend himself against the revocation charges. Inasmuch as the basis for Petitioner's parole warrant is that he committed a new offense, for which he stands convicted, the delay in this case does not prejudice his ability to defend himself. *See id.* at 678 (parolee must show what evidence and what witnesses he would have presented at a timely hearing and were unavailable due to delay). As observed by the Supreme Court, "a parolee cannot relitigate issues determined against him in

other forums, as in the situation presented when the revocation is based on conviction of another crime." *Morrisey* 408 U.S. at 490. Petitioner has not alleged that he has lost the ability to present evidence in his defense at the revocation hearing. Rather, he asserts only that he has lost the ability to serve his parole revocation term concurrently with his newly imposed sentence. The portion, if any, of Petitioner's paroled sentence he is required to serve is an issue to be addressed in the revocation hearing. In the event Petitioner disagrees with the results of his revocation hearing, he has available an administrative appeal. *See* 28 C.F.R. § 2.105(g).

Petitioner has failed to establish that the delay in his case has caused or will cause him prejudice. Accordingly, the Petition for Writ of Habeas Corpus shall be denied by separate Order.


<u>February 7, 2006</u>                             _____/s/_____
Date                                          Alexander Williams, Jr.
                                              United States District Judge